**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

LORIELLE SLOAN,                          )
                                         )
            Plaintiff,                   )        C.A. No.: K25C-06-003 NEP
                                         )
      v.                                 )
                                         )
DELAWARE STATE UNIVERSITY,               )
                                         )
            Defendant.                   )

Submitted: January 8, 2026
Decided: March 24, 2026

## ORDER[1]

### *Upon Defendant's Motion to Dismiss*

### GRANTED

Upon consideration of Defendant's Motion to Dismiss the Amended Complaint, the Court finds as follows:

**1.** On June 3, 2025, *pro se* Plaintiff Lorielle Sloan ("Sloan") filed a Complaint in this Court, alleging that she was wrongfully discharged from, and suffered harassment during, her employment with Delaware State University.[2]

**2.** On June 24, 2025, Defendant Delaware State University ("DSU") filed a motion to dismiss pursuant to Superior Court Civil Rule 12(b)(6).[3] In response, Sloan, for the first time, raised a claim for a violation of Delaware's Whistleblowers' Protection Act ("DWPA").[4] Upon leave of the Court,[5] DSU filed a reply, arguing

---

[1] Citations in the form of "D.I. ___" refer to docket items.
[2] Compl. 1–2 (D.I. 1).
[3] Mot. to Dismiss ¶¶ 5–11 (D.I. 8).
[4] Resp. to Mot. to Dismiss 1 (D.I. 10).
[5] *See* D.I. 12, 13.

that the Court should not consider Sloan's response insofar as it raised new factual and legal contentions, but that, even if the response were treated as an amendment to the Complaint, it would still be subject to dismissal.[6]

3.  On August 27, 2025, the Court heard oral argument on DSU's motion to dismiss.[7] At the close of the hearing, Sloan requested leave to amend her Complaint, which the Court granted.[8] Superior Court Civil Rule 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."[9] Under Delaware law, a motion to dismiss is not a responsive pleading within the meaning of Rule 15(a).[10] The Court therefore gave Sloan until October 27, 2025, to file an amended complaint, and DSU 30 days to respond.[11]

4.  On October 23, 2025, Sloan filed her Amended Complaint, which expanded upon the original complaint by adding additional factual allegations concerning the alleged harassment and circumstances surrounding her termination and included a passing reference to the DWPA.[12] DSU thereafter moved to dismiss the Amended Complaint on November 24, 2025, pursuant to Rule 12(b)(6), arguing

---

[6] Reply in Supp. of Mot. to Dismiss ¶¶ 1–5 (D.I. 14).

[7] D.I. 17.

[8] *Id.*

[9] Del. Super. Ct. Civ. R. 15(a).

[10] *See Reylek v. Albence*, 2023 WL 142522, at *6 (Del. Super. Jan. 10, 2023) ("[t]he growing consensus of Superior Court decisions to consider [whether a motion to dismiss is a "responsive pleading" within the meaning of Rule 15(a)] have concluded that a motion to dismiss is not a responsive pleading . . . ."); *see also R. Keating & Sons, Inc. v. Huber*, 2020 WL 975435, at *3 (Del. Super. Feb. 27, 2020); *3M Co. v. Neology, Inc.*, 2019 WL 2714832, at *7 (Del. Super. June 28, 2019); *Stoppel v. Henry*, 2011 WL 55911, at *3 (Del. Super. Jan. 4, 2011).

[11] D.I. 17.

[12] Am. Compl. 1–3 (D.I. 19) ("I was harassed and discharged in retaliation, an adverse action, for reporting and seeking help from superiors to prevent false accusation [sic] being tied to me that could cause me to lose my job and to ceasing [sic] further harassment, protected activities [sic], a violation of [Section 1703 of the DWPA]").

2

that the amended pleading still failed to allege facts sufficient to establish the elements of retaliation or harassment under any applicable statute.[13]

5.    On December 15, 2025, Sloan filed her response, in which she again asserted that her termination violated the DWPA and that she had engaged in protected activity by reporting harassment within the Delaware State University finance department, which led to her termination.[14]

6.    On December 18, 2025, DSU moved for leave to file a reply in support of its Motion to Dismiss the Amended Complaint, explaining that Sloan's response raised an express claim under the DWPA that was not properly pled in the Amended Complaint and therefore warranted further briefing.[15] The Court granted the motion on January 5, 2026, and DSU thereafter filed its reply, reiterating that Sloan could not introduce new claims through briefing and that, in any event, the Amended Complaint failed to plead facts sufficient to state a claim under the DWPA.[16]

7.    When analyzing a motion to dismiss under Superior Court Civil Rule 12(b)(6), the Court "must accept as true all well-pleaded allegations of fact."[17] The burden rests with the moving party,[18] and the Court will take all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party.[19] The Court will accept vague allegations as well-pleaded if they give notice

---

[13] Mot. to Dismiss Pl.'s First Am. Compl. ¶¶ 3–8 (D.I. 24).

[14] Resp. in Opp'n to Def.'s Mot. to Dismiss 1–2 (D.I. 26).  Although Sloan's response was filed after the December 11, 2025, deadline, the Court accepted the filing and did not penalize Sloan for her untimely submission. *See* D.I. 25–27.

[15] Def.'s Mot. for Leave to File a Reply ¶¶ 1–4 (D.I. 29).

[16] Def.'s Reply in Supp. of Mot. to Dismiss Pl.'s Am. Compl. ¶¶ 3–7 (D.I. 31).

[17] *Page v. Oath Inc.*, 270 A.3d 833, 842 (Del. 2022) (quoting *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006)).

[18] Super. Ct. R. 12(b)(6); *see also Jeanbaptiste v. Clarios*, LLC, 2020 WL 2375047, at *1 (Del. Super. May 11, 2020) (citations omitted).

[19] *See Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings LLC*, 27 A.3d 531, 536–37 (Del. 2011).

to the opposing party as to the claim.[20] The Court is not required, however, to accept "conclusory allegations without supporting factual allegations."[21] The Court is only required to accept "reasonable inferences that logically flow from the face of the complaint[,]" and need not accept "every strained interpretation of the allegations proposed by the plaintiff."[22]

**8.** Delaware is a notice pleading jurisdiction.[23] As such, for a complaint to pass the motion to dismiss stage, it need only provide "general notice of the claim asserted."[24] "An allegation 'though vague or lacking in detail' can still be well-pleaded so long as it puts the opposing party on notice of the claim brought against it."[25]

**9.** Nevertheless, Delaware's liberal pleading standard does not permit a complaint to survive dismissal where it consists solely of conclusory assertions unsupported by factual allegations.[26] While *pro se* pleadings are construed more liberally than those filed with counsel,[27] even *pro se* plaintiffs "must, at a minimum, provide the Court with enough information to conduct a meaningful consideration of the merits."[28]

---

[20] *Id.*

[21] *Page*, 270 A.3d at 842 (quoting *In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 65–66 (Del. 1995)).

[22] *Id.* (quoting *In re Gen. Motors (Hughes)*, 897 A.2d at 168).

[23] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).

[24] *Id.* (quoting *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998)).

[25] *Id.* (quoting *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 611 (Del. 2003)).

[26] *See Nat'l Amusements, Inc. v. Endurance Am. Specialty Ins. Co.*, 2023 WL 3145914, at *8 (Del. Super. Apr. 28, 2023); *see also Surf's Up Legacy P'rs, LLC v. Virgin Fest, LLC*, 2021 WL 117036, at *6 (Del. Super. Jan. 13, 2021); *Rammuno*, 705 A.2d at 1034.

[27] *Griffin v. Ramirez*, 2021 WL 5577261, at *1 (Del. Super. Nov. 30, 2021); *Tigani v. Fisher Dev. Co.*, 2022 WL 1039969, at *2 (Del. Super. Apr. 6, 2022).

[28] *Brown v. Delaware State Hous. Auth.*, 2024 WL 5245550, at *2 (Del. Super. Dec. 30, 2024) (citing *Harrison v. Hodgson Vocational Tech. High Sch.*, 2007 WL 3112479, at *2 (Del. Super. Oct. 3, 2007)).

4

**10.** The Amended Complaint fails to meet even these liberal standards. Sloan alleges that "[she] was harassed and retaliated against in [her] past employment as an Accounting Analyst at Delaware State University . . . because of [her] reporting that Tonya Caldwell . . . had started back [sic] harassing [her] and trying to tie false accusations to [her]",[29] but the pleading fails to set forth facts establishing the elements of any legally cognizable claim.

**11.** To the extent Sloan asserts a retaliation claim,[30] the Amended Complaint does not plead facts sufficient to establish the elements of such a claim. To state a *prima facie* claim for retaliation under Delaware's Discrimination in Employment Act (the "DDEA"), a plaintiff must allege that: (1) she engaged in protected activity; (2) she suffered an adverse employment action subsequent to or contemporaneously with that activity; and (3) a causal connection exists between the protected activity and the adverse action.[31] Here, Sloan alleges only that she reported alleged harassment and "false accusations" by a co-worker to supervisors before her termination,[32] but she does not identify any protected activity under applicable law.[33] As such, Sloan fails to allege a protected activity or causal connection between that activity and her termination, and her retaliation claim necessarily fails.

**12.** Sloan's allegations of harassment likewise fail to state a cognizable claim. To plead harassment under Title VII or the DDEA,[34] a plaintiff must allege

---

[29] Am. Compl. 1 (D.I. 19).

[30] For purposes of its analysis, absent mention of the specific statute allegedly violated by DSU, the Court presumes that Sloan intends "retaliation" within the meaning of Delaware's Discrimination in Employment Act. 19 *Del. C.* §§ 710, *et seq.*

[31] *Wagenhoffer v. Visionquest Nat'l Ltd.*, 2016 WL 3947952, at *7 (Del. Super. July 14, 2016); *Gary v. R.C. Fabricators, Inc.*, 2014 WL 4181479, at *24–25 (Del. Super. July 30, 2014).

[32] Am. Compl. 1 (D.I. 19).

[33] *See Brown v. Transforming Lives, Inc.*, 2026 WL 184479, at *13 (Del. Super. Jan. 23, 2026) ("Reporting a DDEA violation constitutes protected activity [but] a general complaint about unfair treatment does not constitute protected activity for purposes of a DDEA retaliation claim.").

[34] Because the DDEA is substantially the same as its federal counterpart, Title VII, it is

5

facts showing that: (1) she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her membership in the protected class; (4) the harassment was severe or pervasive; (5) the harassment was both objectively and subjectively offensive; and (6) employer liability exists.[35] The Amended Complaint contains no allegations that Sloan belongs to any protected class, that action was taken against her pursuant to her membership in a protected class, or that employer liability exists. Instead, Sloan asserts only that a co-worker engaged in "abusive conduct," "sabotage[e]," and "false narratives," and that she was terminated under allegedly false pretenses.[36] These conclusory allegations, without factual assertions linking the alleged conduct to prohibited discrimination, are insufficient to state a claim for harassment.

13. In her Amended Complaint, Sloan makes a passing reference to the DWPA without any further analysis of its elements or how the alleged facts support a claim under the DWPA.[37] To state a *prima facie* claim under the DWPA, a plaintiff must allege facts demonstrating that: (1) she engaged in protected whistleblowing activity; (2) the employer knew of the protected activity; (3) the plaintiff suffered an adverse employment action; and (4) a causal connection exists between the protected activity and the adverse action.[38]

14. The Amended Complaint does not plead facts sufficient to satisfy the elements of a DWPA claim. "The DWPA protects employees who report a violation

---

appropriate to apply federal case law to discrimination claims raised under the DDEA. *See R.C. Fabricators,* 2014 WL 4181479, at *19; *see also Xiao v. SLM Corp.,* 2024 WL 3898682, at *2 (D. Del. Aug. 22, 2024).

[35] *See, e.g., R.C. Fabricators, Inc.,* 2014 WL 4181479, at *19–24.

[36] Am. Compl. ¶¶ 5, 7 (D.I. 19).

[37] 19 *Del. C.* §§ 1701–1704.

[38] *Rich v. University of Delaware,* 2025 WL 2206986, at *3 (Del. Super. Aug. 4, 2025) (citing *Addison v. E. Sided Charter Sch. of Wilmington, Inc.,* 2014 WL 4724895, at *3 (Del. Super, Sept, 19, 2014).

6

of law enacted for the public's benefit from retaliation."[39] Sloan does not identify any such violation of law. Instead, it appears that Sloan advised co-workers and supervisors that a duplicative journal entry relating to a state appropriation drawdown had been incorrectly prepared and that the entry was unnecessary.[40] Sloan's actions, while laudable, do not constitute the reporting of conduct reasonably believed to violate a statute, rule, or regulation, and therefore do not invoke the protections of the DWPA as pled.

15. Because the Amended Complaint does not plead facts demonstrating protected activity under the DWPA, Sloan cannot establish the first element of a whistleblower claim.[41] Consequently, the remaining elements necessarily fail. Accordingly, even if the Court were to consider the DWPA theory raised in Sloan's briefing, the allegations would be insufficient to state a claim upon which relief could be granted.

**WHEREFORE**, in light of the preceding considerations, Defendant's Motion to Dismiss Plaintiff's Amended Complaint is **GRANTED**.

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP/tls
*Via File & ServeXpress and U.S. Mail*
oc:    Prothonotary
        Lorielle Sloan, *Pro Se – Via U.S. Mail*
        Counsel of Record

---

[39] *Brown*, 2026 WL 184479, at *14.
[40] *See* Am. Compl. 1–2 (D.I. 19).
[41] *See Rich*, 2025 WL 2206986, at *3.